Good morning. If it pleases the court, my name is Patricia Berry, and I represent the appellant Daniel Reyes, who's present in court with his wife, Patricia. As your honors know, my client is an alleged whistleblower who worked for the City of Pico-Rivera. Unknown to him, however, he had his medical rights of privacy violated. The court below granted summary judgment on two grounds, that the statute of limitations had expired, there was insufficient publication of the stigmatizing information. I want to talk a minute about the statute of limitations. In my reply brief, I argued a continuing violation, which I had not raised before, but had always talked about it and danced around it without really saying this is a continuing violation. And I contend that it is. The stigmatizing information in the medical record, i.e., the MMPI results, were published in 2003 without authorization, knowledge, or consent of my client. And then in 2006 to the D'Cluso law firm, and then to me. No protective order, no motion to quash or to seek a protective order, no redaction of the medical information, simply produced. Now, we have this Bishop case, which indicates that this limited release in litigation does not constitute publication. How is your situation different from that? I was going to address that, and I'm glad you raised the Bishop case. I think I can easily distinguish the Bishop case from Mr. Reyes's case. In the Bishop case, the employee complained of what I would say, from having done this for 35 years, was a garden variety of stigmatizing information. You weren't doing your job. We weren't happy with you. You got fired. But in this case, I'm talking not some – well, let me first say this. Had the report of investigation gone forward, and then MPI results set out in a separate document, I would have no complaint. I think Judge Feist would be correct that the publication to Mr. Curtomarsh, to Mr. Adam, who is doing some work apparently as a city attorney, and then in 2006 to the D'Cluse law firm in the Acevedo lawsuit, and then to me, I don't think would be sufficient publication. But here we're talking about a medical record. The defendant did claim it wasn't a medical record. I produced precedent in my opening brief that it is considered, and I don't think that anybody would seriously question that taking an MMPI, which has to be supervised by a qualified licensed psychologist, and then read by somebody or interpreted by somebody qualified to interpret the MMPI, is truly a medical record. In any event, because it is a medical record, the publication was unauthorized from day one, based on the California Confidentiality of Medical Information Act. And because of that, it takes it out of that case, the Bishop case, and constitutes an exception. The other, but returning now, Your Honors, to the- Are you saying that under California law, publication of a medical record, assuming that the MMPI is a medical record, is something different than publication in other contexts? Yes, I am, because the courts in California assiduously protect, under Article I, Section I of the California Constitution, the right of medical privacy. And is a breach of confidentiality the same as publication? That's what I'm confused about. In this particular case, I contend that it is. That by publishing it to the D'Cluso law firm, with absolutely no protection for the confidentiality rights of my client, did constitute publication. And it ended up going into the record. And initially, I think Judge Fease, if I'm not mistaken, in the order denying the motion to dismiss, acknowledged that that was a form of publication, giving- Counsel? Yes, Your Honor. Judge Gould, with a question for you, please. Could you please elaborate your argument as to why you contend that the concept of publication would differ, depending on whether it's one kind of report or the other? Again, I return to the, Your Honor, I return to the California Confidentiality of Medical Information Act. It clearly takes it out of the standard kind of defamation that employees typically complain about, which is workplace conduct. Now, the report, Your Honor, is about workplace conduct. But what Dr. Grayson did was to intersperse the MMPI results to, in my opinion, to really hammer poor Mr. Reyes. And it was highly stigmatizing. I don't think anybody seriously questions the fact that he said he had a mental impairment, that he needed a neurological exam, that he had a weak conscience, that he was manipulative. And he claimed that this all came from his interpretation of the MMPI. That having been said, that should have been set out and apart from the report of investigation. And because of the protection of medical information in California, and to some extent by the federal Constitution, that works an exception, or I argue that I can differentiate from the Bishop case. Well, then, if it's that lower standard, then it seems like the statute would have started running in 2003 when it was first, the report was first given to the other two employers, Court of Marsh, I guess, and Adams. Is that right? Yes. The statute began to run. But if Your Honors agree with me that this is a continuing violation of the 14th Amendment stigma plus violation, because based on the element of publication, the publication was ongoing and continuing. Well, there was an interruption, a hiatus, as far as we know. I mean, what we know from this record is in 2003, they handed over the MMPI results interspersed with the investigation into the hostile work environment. They handed that over to Mr. Court of Marsh in violation of the act in Article I, Section 1. They handed it to a Mr. Adams. I guess I'm having trouble distinguishing between a breach of a state cause of action, you know, a violation of confidentiality, which, of course, we're not considering, and your due process claims. So maybe you could link those up for me. As I understand it, the due process violation is based on rules and understandings of state law. In other words, to determine whether or not a 14th Amendment procedural due process violation has occurred, you then have to resort to state law. State law says, hey, employer, if you're going to make your employee take a medical exam, whether it be a mental or a physical exam, you have to ensure all of these protections under. So you're saying that the state law created some sort of liberty interest in privacy of medical records, and then the city breached that privacy interest by the publication to, I guess it would be, Court Marsh, and that that creates your constitutional due process claim that it was breached without due process? Is that what you're arguing? Well, I'm arguing that they, by the, just returning a minute to the stigma plus claim under Paul V. Davis, stigmatizing information, calling them all those names as a result of the MMPI results. It was published, I say, to these four individuals. Judge Reese said that was insufficient. But the publication was ongoing. And there were two bad things that happened as a result of the publication of the stigmatizing information. He was fired. That's gone. However, the very publication of this information constituted the plus of the stigma plus, that is the violation of his right to privacy under Article 1, Section 1 of the California Constitution and the Act. And so my position is that those four elements have been met and that there was this continuing violation in 2006 that satisfies the statute of limitations claim. We've had cases saying that the stigmatizing came way too late to be connected with the discharge. And I wonder how we could have such authority if it's a continuing violation. Well, Your Honor, the stigmatizing information was put into that report of investigation. We know from the testimony of Mr. Quartermarsh, he had no idea where it went after he left. And obviously some employee, you know, located it to be able to serve it on the D'Cluse law firm and then me in the Acevedo lawsuit. So that the stigmatizing information occurred right at the time of the termination, but it remained in that file and then it was dusted off. I'm being metaphorical here. And then republished in 2006. And that's why I contend that I've met all of the elements of the cause of action for a 14th Amendment due process claim under Paul V. Davis, the stigma plus. The courts are very... Your time is actually up. Oh, it's up. I'm sorry. Thank you, Your Honor. I did not read that right. I beg your pardon. Good morning. Excuse me. I'm Gregory A. Willey of the D'Cluse, Burke & Thompson, appearing on behalf of the city of Pico Rivera and Donald Grayson. I think that the court can properly find that the district court properly sustained the motion, I'm sorry, properly granted the motion for summary judgment as to the first and third claims for relief. The statute of limitations began running back in 2003, and accordingly the court can properly find that the statute of limitations is run. Nothing the plaintiff has said here today should change that result. First, we see no difference in one state statute versus another. Second, what the plaintiff is attempting to do is raise what is at most, and we're not admitting this, but assuming arguendo that there is a tort, what the plaintiff is attempting to do is elevate a state law tort into stigma plus in order to get around the difficulties with the statute of limitations. Furthermore, we believe that there was no public disclosure for the reasons that the court pointed to earlier, and that furthermore, plaintiff is misreading the Grayson report, that at most Grayson has distilled certain conclusions from the MMPI and has placed them in the report as opposed to the MMPI itself. The evidence that has been presented is that Grayson himself had the MMPI and no one else has seen it. If the court has no questions, thank you. Does anyone have questions for? I guess I don't. No questions here. Okay, well then the case of Reyes v. Pico-Rivera is submitted.
judges: Canby, Gould, Ikuta